IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, <br><br> Plaintiff <br><br> v. <br><br> AMERICAN ASSOCIATION OF PHYSICIANS OF INDIAN ORIGIN AND DR. SUNIL KAZA, <br><br> Defendants | Case No.: |

**COMPLAINT FOR DECLARATORY RELIEF**

This is an insurance coverage dispute in which the Plaintiff, Twin City Fire Insurance Company ("Twin City"), seeks a declaration that it has no duty under a Twin City Policy to defend or indemnify the Defendants, American Association of Physicians of Indian Origin ("AAPI") and Dr. Sunil Kaza ("Dr. Kaza"), in a pending arbitration proceeding brought by one of AAPI's members.

**PARTIES**

1. Twin City is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of Connecticut. Twin City is authorized to conduct business in the State of Illinois.

2. AAPI is a domestic non-profit organization organized and existing under the laws of the State of Michigan with its principal place of business at 600 Enterprise Drive, Suite 108, in Oak Brook in the State of Illinois.

1

3. Dr. Sunil Kaza is the Chair of the AAPI Board of Trustees. On information and belief, Dr. Kaza is domiciled in the State of Tennessee.

## JURISDICTION AND VENUE

4. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy exists between Twin City and Defendants within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided under a Twin City Policy.

6. This court has jurisdiction to grant the requested declaration pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this lawsuit occurred within this judicial district, because AAPI has its principal place of business in Oak Brook, Illinois.

## UNDERLYING FACTS

8. The underlying dispute arises out of the election of a new Chair of the AAPI Board of Trustees at a meeting of the AAPI Governing Body in Garden City, New York on June 8, 2024.

9. On information and belief, Dr. Anjana Samadder acting as AAPI President, announced at one point that the June 8, 2024, meeting was suspended due to alleged altercations between the members.

10. On information and belief, sometime after the announcement of a suspension, an election was conducted on June 8, 2024, using paper ballots, and Dr. Kaza was elected as the new Chair of the Board of Trustees.

11. On June 14, 2024, a second election for Board of Trustees Chair was conducted by electronic voting. In the second election, Dr. Kavita Gupta ("Dr. Gupta") received the most votes.

12. On June 14, 2024, AAPI announced that Dr. Gupta had been elected as the 2024-2025 Board of Trustees Chair.

13. On June 19, 2024, the AAPI Board of Trustees declared the June 14, 2024, election to be null and void.

14. On or about August 3, 2024, Dr. Kaza assumed the position of Board of Trustees Chair.

## THE GUPTA ARBITRATION

15. On or about September 16, 2024, Dr. Gupta commenced an arbitration proceeding with JAMS by filing a Verified Complaint for Injunctive Relief and Damages, naming AAPI and Dr. Kaza as Respondents. A true and correct copy of the Arbitration Complaint is attached hereto as Exhibit 1.

16. Count I of the Arbitration Complaint alleges that the defendants violated AAPI's by-laws by conducting the election by paper ballots on June 8, 2024, without using a third-party election agency after the President had adjourned the meeting of the AAPI Governing Body.

17. Count II of the Arbitration Complaint alleges that the defendants violated AAPI's by-laws on June 19, 2024, by declaring the June 14, 2024, election null and void, by refusing to accept the election of Dr. Gupta as Chair of the Board of Trustees and by holding out Dr. Kaza as Chair of the Board of Trustees.

18. In the Arbitration Complaint, Dr. Gupta seeks monetary damages consisting of her costs in bringing the arbitration and an injunction requiring the defendants to accept her as Chair of the Board of Trustees.

**THE TWIN CITY POLICY**

19. Twin City issued Private Choice Premier Policy No. 83 KM 033936-23 (the "Policy") to AAPI for the Policy Period of August 1, 2023, to August 1, 2024. Coverage under the Policy is only for Claims that are first made against an Insured during the Policy Period. A true and correct copy of the Policy is attached hereto as Exhibit 2.

20. Insuring Agreement (A) of the Policy's D&O Coverage Part provides coverage for Loss of an Insured Person resulting from Claims first made against the Insured Person during the Policy Period for a Wrongful Act by the Insured Person, except for Loss that an Insured Entity pays as indemnification of such Insured Person.

21. Insuring Agreement (B) of the Policy's D&O Coverage Part provides Corporate Reimbursement coverage for Loss of an Insured Entity to the extent the Insured Entity is permitted or required to indemnify an Insured Person for Loss resulting from Claims first made against the Insured Person during the Policy Period for a Wrongful Act by the Insured Person.

22. Insuring Agreement (C) of the Policy's D&O Coverage Part provides Entity Liability coverage for Loss of an Insured Entity resulting from Claims first made against an Insured Entity during the Policy Period for a Wrongful Act by the Insured Entity.

23. Insuring Agreement (A) of the EPL Coverage Part provides coverage for Loss of an Insured resulting from an Employment Practices Claim first made by or on behalf of an Employee or applicant for employment against an Insured during the Policy Period or Extended Policy Period, if applicable, for an Employment Practices Wrongful Act by the Insureds.

## **THE COVERAGE DISPUTE**

24. AAPI first reported the Gupta Arbitration to Twin City by email dated November 21, 2024, more than three months after the expiration of the Policy Period.

25. On March 13, 2025, Twin City denied coverage for the Gupta Arbitration on the grounds that the Gupta Arbitration is not a Claim first made against the Insureds during the August 1, 2023, to August 1, 2024, Policy Period. A true and correct copy of Twin City's coverage correspondence is attached hereto as Exhibit 3. Twin City reserved its rights as to potential application of other Policy terms and conditions.

26. On March 13, 2025, AAPI's counsel responded by email stating incorrectly that Twin City had denied coverage on the grounds that no Claim was pending:

> The insurer denied the claim based on the fact that there was no claim pending. Such is not the case since DR GUPTA HAS FILED A CLAIM IN ARBITRATION. Please see the attached claim which was tendered to HARTFORD earlier. Please let me know if you have any questions. Our office has been incurring cost and fees which has totaled to $124,500. We demand reimbursement.

27. On March 25, 2025, Twin City's counsel responded to AAPI's counsel be email advising him that coverage had been denied on the grounds that the Claim was not first made during the Policy Period and inviting further response from AAPI:

> Thank you for your email regarding the above matter. However, please note that Twin City's denial of coverage for the Gupta Arbitration was not on the grounds that there is no Claim pending. Rather, the denial was based on the fact that the Twin City policy only covers Claims that are made against an Insured during the Policy Period. The Policy Period expired on August 1, 2024. The Gupta Arbitration Complaint appears to have been filed on or about September 16, 2024, approximately six weeks after the end of the Policy Period. If AAPI obtained replacement coverage after the expiration of the Twin City Policy Period on August 1, 2024, we again urge you to submit the Gupta Arbitration for potential coverage under any policies that were in effect on September 16, 2024, when the Gupta Arbitration was commenced.

5

> If you still disagree with Twin City's coverage position with regard to the Gupta Arbitration, please let me know the basis for your disagreement. We will be happy to consider in good faith and respond to any additional information or argument that you submit. Please also confirm whether you have submitted the Gupta Arbitration for potential coverage under any policies providing coverage for Claims made after August 1, 2024, and provide copies of any coverage positions taken by any other insurers under such policies.

28. On April 14, 2025, Twin City's counsel again reached out to AAPI's counsel by email, stating as follows:

> I have not had any response to my below email from March 25, 2025. If I do not have a response from you within 14 days, Twin City will be forced to file a declaratory judgment action confirming that there is no duty to defend the Gupta Arbitration because the Claim was made after the expiration of the Policy Period on August 1, 2024. I look forward to hearing from you. Again, we urge you to submit the Gupta Arbitration for potential coverage under any policies that were in effect when the arbitration was commenced on September 16, 2024.

29. As of this date, AAPI's counsel has not responded to the April 14, 2025, email from Twin City's counsel.

## COUNT I
## DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS
## (NO DUTY TO DEFEND)

30. Twin City repeats and incorporates herein the allegations of Paragraphs 1 through 29.

31. Twin City has no duty to defend AAPI and Dr. Kaza in the Gupta Arbitration because the Gupta Arbitration is not a Claim that was first made against an Insured during the August 1, 2023, to August 1, 2024, Policy Period.

32. There is an actual, justiciable controversy between the parties as to whether Twin City has a duty under the Policy to defend AAPI and Dr. Kaza in the Gupta Arbitration.

33. Twin City seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under

6

the Twin City Policy and, specifically, that Twin City has no duty to defend AAPI and Dr. Kaza in the Gupta Arbitration. Twin City has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

### COUNT II
### DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS
### (NO DUTY TO INDEMNIFY)

34. Twin City repeats and incorporates herein the allegations of Paragraphs 1 through 33.

35. Twin City has no duty to indemnify AAPI and Dr. Kaza in the Gupta Arbitration because the Gupta Arbitration is not a Claim that was first made against an Insured during the August 1, 2023, to August 1, 2024, Policy Period.

36. There is an actual, justiciable controversy between the parties as to whether Twin City has a duty under the Policy to indemnify AAPI and Dr. Kaza in the Gupta Arbitration.

37. Twin City seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Twin City Policy and, specifically, that Twin City has no duty to indemnify AAPI and Dr. Kaza in the Gupta Arbitration. Twin City has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

### PRAYER FOR RELIEF

WHEREFORE, Twin City respectfully requests that this Court enter a judgment:

A. declaring that Twin City has no duty to defend AAPI and Dr. Kaza in the Gupta Arbitration because the Gupta Arbitration is not a Claim that was first made against an Insured during the August 1, 2023, to August 1, 2024, Policy Period;

B. declaring that Twin City has no duty to indemnify AAPI and Dr. Kaza in the Gupta Arbitration because the Gupta Arbitration is not a Claim that was first made against an Insured during the August 1, 2023, to August 1, 2024, Policy Period;

C. awarding Twin City its costs, expenses, and attorneys' fees associated with this declaratory judgment action; and

D. awarding such other and further relief as the Court deems just and equitable.

Dated: May 5, 2025                                  Plaintiff Twin City Fire Insurance Company

/s/ *Meagan P. VanderWeele*
Meagan P. VanderWeele (6316823)
One North Wacker, Suite 1600
Chicago, IL 60606
T: (312) 619-4931
F: (312) 565-6511
mvanderweele@grsm.com
*Attorney for Plaintiff Twin City Fire Insurance Company*