IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. 25 C 4935 ) |
| v. | ) Judge Joan H. Lefkow ) |
| AMERICAN ASSOCIATION OF PHYSICIANS OF INDIAN ORIGIN and DR. SUNIL KAZA, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Twin City Fire Insurance Company (Twin City) brings this case against American Association of Physicians of Indian Origin (AAPI) and Dr. Sunil Kaza (Dr. Kaza) (together, defendants), seeking declaratory judgment that, pursuant to an insurance policy Twin City entered into with AAPI, Twin City has no duty to defend or indemnify defendants in an underlying arbitration (the Gupta Arbitration) that names defendants as respondents. Before the court is defendants' Motion to Remand. (Dkt. 18.) Defendants argue that the court lacks subject matter jurisdiction over Twin City's complaint and thus request that the court remand or dismiss this action.[1] For the reasons stated below, defendants' motion is denied.

---

[1] When deciding on a facial challenge to subject matter jurisdiction—that is, where a defendant argues that a plaintiff has not sufficiently alleged subject matter jurisdiction—the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Silha* v. *ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (applying this principle to a subject matter jurisdiction challenge based on standing); *see also Ezekiel* v. *Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (applying this principle to a subject matter jurisdiction challenge based on diversity). But when reviewing a factual challenge to subject matter jurisdiction—that is, where a defendant challenges whether there is, in fact, subject matter jurisdiction—the court "may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha*, 807 F.3d at 173; *see also Taylor* v. *McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (citation omitted) ("Where, as here, plaintiff's complaint is facially sufficient but external facts call the court's jurisdiction into question, we 'may properly look beyond the

## **BACKGROUND**

Twin City is an insurance company incorporated in the State of Indiana with its principal place of business in the State of Connecticut. Twin City does business in the State of Illinois and appears to maintain certain business registrations there. AAPI is a domestic non-profit organization organized under the laws of the State of Michigan with its principal place of business in the State of Illinois. Twin City previously issued AAPI an insurance policy for the policy period of August 1, 2023 to August 1, 2024. That insurance policy included, amongst others, director and officer coverage and employment practices liability coverage. Dr. Kaza is the current Chair of the AAPI Board of Trustees and is domiciled in the State of Tennessee.

This action stems from Twin City's denial of coverage to defendants in the Gupta Arbitration, which commenced on or about September 16, 2024. In that arbitration, Dr. Kavita Gupta (Dr. Gupta) alleges that AAPI violated its by-laws by electing Dr. Kaza to the role of Chair of the AAPI Board of Trustees. Dr. Gupta seeks both monetary damages and an injunction requiring defendants to install her as the Chair of the AAPI Board of Trustees.

AAPI first notified Twin City of the Gupta Arbitration on November 21, 2024, requesting coverage. But on March 13, 2025, Twin City denied coverage on the basis that the Gupta Arbitration fell outside of the applicable policy period. AAPI's legal counsel responded to the coverage denial that day, demanding reimbursement for "cost [*sic*] and fees which has [*sic*] totaled to $124,500." (Dkt. 1 ¶ 26.) Unmoved, on March 25, 2025, Twin City reiterated its position that it was denying coverage for the Gupta Arbitration. After receiving no response to its latest denial notice, Twin City then informed AAPI, on April 14, 2025, that it would file a

---

jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'").

2

declaratory judgment action against defendants unless they acknowledged the denial of coverage. Defendants provided no such acknowledgement.

Ultimately, on May 5, 2025, Twin City filed this action in the Northern District of Illinois. Twin City seeks a declaratory judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, that it has no duty to indemnify or defend defendants in the Gupta Arbitration. Twin City alleges that the court has diversity jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a). Defendants disagree. Thus, in lieu of answering Twin City's complaint, defendants filed, on July 28, 2025, a motion seeking to have this action remanded to state court for lack of subject matter jurisdiction. Defendants have subsequently clarified that they seek to have the action remanded *or dismissed* on this basis. This opinion follows.

## **LEGAL STANDARD**

Under 28 U.S.C. § 1332(a), federal courts may exercise subject matter jurisdiction over a plaintiff's state law claims where "the matter in controversy exceeds $75,000" exclusive of interests and costs and is between "citizens of different States." *See Page* v. *Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (quoting 28 U.S.C. § 1332(a)). Although federal diversity jurisdiction provides a neutral forum for lawsuits between parties from different states, courts interpret such jurisdiction narrowly and require complete diversity of citizenship to invoke it. *Schur* v. *L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted). "[I]f there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party." *Krueger* v. *Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

Courts assess party diversity and the amount in controversy at the time the complaint is filed, *id.*, or, for claims removed from state court, at the time of removal. *Sykes* v. *Cook Inc.*, 72

3

F.4th 195, 207 (7th Cir. 2023) (citation omitted); *see also Tylka* v. *Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Removal is improper where a "defendant[] is a citizen of the State in which such action is brought" and diversity jurisdiction is the sole basis for removal. *See Morris* v. *Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013) (citing 28 U.S.C. § 1441(b)(2)).

## ANALYSIS

### I. The Court May Not Remand, but May Dismiss, an Action That Was Originally Filed in Federal Court

As an initial matter, defendants seek to remand an action that was never filed in state court nor subsequently removed to federal court. As such, remand here is improper since "[f]ederal tribunals lack authority to remand to the state court system an action initiated in federal court." *Levin* v. *Com. Energy, Inc.*, 560 U.S. 413, 428 (2010); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Nevertheless, defendants, in reply, ask this court to remand *or dismiss* this action for lack of subject matter jurisdiction, based on the court's inherent equitable powers.[2] Parties ordinarily waive arguments raised for the first time in a reply brief, since the opposing party is not afforded an opportunity to meaningfully engage with the argument. *Shales* v. *T. Manning Concrete, Inc.*,

---

[2] The court notes here that defendants have further sought, pursuant to the court's inherent equitable powers, application of the abstention doctrine as a distinct basis for remanding or dismissing this action. But defendants have not provided an independent argument in favor of applying the abstention doctrine. They merely repeat their argument that the court lacks subject matter jurisdiction to hear this case. (*See* Dkt. 24 at 5.) ("There is no Federal Law or Federal Statute and plaintiff failed to present any federal question and federal court jurisdiction does not exist over the declaratory claim for insurance coverage dispute. This lack of diversity is fatal to jurisdiction."). Moreover, Twin City has correctly noted that federal courts routinely resolve insurance disputes where diversity jurisdiction is proper. *See, e.g.*, *Meridian Sec. Ins.* Co. v. *Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Accordingly, the court declines to apply the abstention doctrine as an independent rationale for remanding or dismissing this action and analyzes defendants' argument here as it relates to the existence of subject matter jurisdiction.

4

847 F. Supp. 2d 1102, 1114–15 (N.D. Ill. 2012). But since the court granted Twin City leave to file a sur-reply in which it responded to the argument, the court will consider defendants' argument that dismissal is also appropriate. After all, "[i]t is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster* v. *Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007) (citation omitted).

## II. Subject Matter Jurisdiction Exists Pursuant to 28 U.S.C. § 1332(a)

As remand is not possible here, defendants' remaining argument—that this action must be dismissed for lack of subject matter jurisdiction—is the question before the court. Defendants advance three arguments in support of their position that the court lacks subject matter jurisdiction. First, they argue that Twin City has failed to plausibly show that the amount in controversy exceeds $75,000, as required to exercise diversity jurisdiction. Second, defendants contend that Twin City has failed to satisfy the complete diversity requirement because, they assert, both Twin City and AAPI are citizens of Illinois, defeating diversity, and that Twin City has "improperly joined [Dr. Kaza] to create or destroy diversity." (Dkt. 18 at 20.) Third, defendants contend that the forum defendant rule bars Twin City from bringing this action in federal court, because AAPI is a citizen of Illinois.

### a. Amount-in-Controversy Requirement

To maintain an action under diversity jurisdiction, the amount in controversy in the action must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The proponent of diversity jurisdiction—here, Twin City—has the burden of showing that the amount-in-controversy requirement has been met. *Oshana* v. *Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Meridian Sec. Ins. Co.* v. *Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Courts treat the amount-in-controversy threshold as a pleading requirement that a

5

plaintiff can meet by alleging a plausible amount in controversy. *See Ware* v. *Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021). Twin City has met that burden.

Twin City's complaint alleges that, on March 13, 2025, it denied coverage to AAPI and Dr. Kaza for the Gupta Arbitration on the basis that the arbitration fell outside of the covered claim period under the applicable policy. Twin City further alleges that AAPI's counsel responded to Twin City that day, requesting coverage for the Gupta Arbitration, and stating that "[o]ur office has been incurring cost [*sic*] and fees which has [*sic*] totaled to $124,500." (Dkt. 1 ¶ 26.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt* v. *Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Further, courts "count the potential outlay for indemnity toward the amount in controversy." *Meridian Sec. Ins.*, 441 F.3d at 539. Accordingly, the legal fees from the underlying Gupta Arbitration are to be included in calculating the amount-in-controversy. Twin City has plausibly alleged that those legal fees exceed $75,000. Thus, the amount-in-controversy requirement has been met.

### b. Complete Diversity Requirement

In support of their argument that complete diversity is lacking, defendants assert that Twin City is, like AAPI, a citizen of Illinois, which would destroy diversity. Defendants also argue that Twin City has "improperly joined [Dr. Kaza] to create or destroy diversity." (Dkt. 18 at 20.) Neither argument has merit.

### i. Twin City's Corporate Citizenship

First, defendants argue that "complete diversity is lacking" (dkt. 18 at 19.), on the basis that Twin City is a citizen of Illinois. Since it is undisputed that AAPI is a citizen of Illinois and Michigan, defendants are correct that, if true, this would destroy diversity. *See Krueger*, 996 F.2d

at 931 (Diversity jurisdiction does not exist where "there are residents of the same state on both sides of a lawsuit."). But here, defendants appear to misunderstand what constitutes citizenship for corporate entities, such as Twin City.

Specifically, defendants argue that Twin City is a citizen of Illinois because "Twin City does business in Illinois and is registered with the Illinois Department of Insurance." (Dkt. 24 at 3.) Twin City does not appear to dispute these claims. Regardless, whether Twin City maintains registrations in Illinois or does business in Illinois is irrelevant to subject matter jurisdiction. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." *See also CCC Info. Servs., Inc.* v. *Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) (stating the same). Moreover, the general rule is that a corporation is *only* a citizen of those States.[3] *See Wachovia Bank* v. *Schmidt*, 546 U.S. 303, 317 (2006) (citing 28 U.S.C. § 1332(c)(1)) (stating the same).

Twin City has alleged that it "is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of Connecticut." (Dkt. 1 ¶ 1.) Defendants admit the same in their motion to remand. (*See* dkt. 18 at 5.) ("Twin City … is incorporated in Indiana [and] based in Connecticut.") Accordingly, Twin City is a citizen of Indiana and Connecticut. And, in general, it is not a citizen elsewhere. Here, nothing introduced indicates that Twin City is a citizen of Illinois. It is not.

---

[3] Only in certain contexts, not applicable here, will a corporation be deemed to be a citizen of any other State. Specifically, an insurer will be deemed to be a citizen of the same State as the insured in a "'direct action against the insurer of a policy.'" *Metro. Life Ins. Co.* v. *Est. of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) (emphasis added) (citing 28 U.S.C. § 1332(c)(1)). But this limited exception is construed narrowly and does not apply where, as here, an insurer sues an insured. *See Metro. Life Ins. Co.*, 929 F.2d at 1223. In this action, "[Twin City] is the plaintiff, which makes all the difference." *Id.*

### ii. Dr. Kaza's Inclusion in This Action

Defendants also contend that Dr. Kaza has been improperly included in this action "to create or destroy diversity." (*Id.* at 20.) Defendants' reasoning on this point is difficult to follow, but the court understands defendants' position to be that Twin City improperly included Dr. Kaza in this action with the goal of ensuring that this case could be brought in federal court. This position suffers from several defects. Only one needs to be addressed.

Fraudulent joinder occurs when a nondiverse party (*i.e.*, a party from the *same* state as an opposing party) is added to a state court action solely to prevent the action from being removed to federal court. *See Schur*, 577 F.3d at 762–63. Here, Twin City alleges that Dr. Kaza is domiciled in Tennessee, a wholly different state from the other parties, and Defendants offer no evidence that Dr. Kaza is, in fact, a citizen of either Connecticut or Indiana. Rather, they appear to agree that Dr. Kaza is a citizen of Tennessee. (Dkt. 18 at 6.) ("As such, AAPI is a citizen of Illinois for purposes of diversity jurisdiction and Defendant Dr. Sunil Kaza is a resident of Tennessee.")[4] Fraudulent joinder has no application to these facts.

In short, Dr. Kaza's inclusion in this action does not destroy diversity. All parties hail from different states. Complete diversity exists in this action.

### c. Forum Defendant Rule

Finally, defendants argue that the forum defendant rule bars Twin City from bringing this action in federal court because AAPI is a citizen of Illinois.[5] This position plainly misinterprets

---

[4] Defendants appear to use residency and citizenship interchangeably. To clarify, residency is not the same as citizenship. *Am.'s Best Inns, Inc.* v. *Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

[5] There is some indication in defendants' Motion to Remand that defendants take the position that 28 U.S.C. §1441(b)(2) prohibits an original filing in federal court against a citizen of the forum (in this case, a filing by Twin City in an Illinois federal court against Illinois resident AAPI). To be clear, no such prohibition exists: out-of-state plaintiffs, such as Twin City, are entitled to invoke diversity jurisdiction to sue a defendant in federal court in that defendant's home state. *See, e.g.*, *Radio One, Inc.* v. *Direct Media Power, Inc.*, No. 16 C 1867, 2018 WL

the removal statute. Under 28 U.S.C. § 1441(b)(2), an action "removable solely on the basis of [diversity jurisdiction]" may not be removed where any of the "defendants is a citizen of the State in which such action is brought." No doubt, AAPI is a citizen of Illinois. But defendants' argument fails for the same reason that remand is improper: this action was not initially filed in state court. The forum defendant rule, which is nonjurisdictional and may be waived, would only apply if Twin City had initially brought this action in state court and a defendant removed it to federal court. *See Hurley* v. *Motor Coach Indus., Inc.*, 222 F.3d 377, 378, 380 (7th Cir. 2000). As such, the forum defendant rule has no bearing on this case.

Thus, in this action, the amount-in-controversy requirement has been met, complete diversity exists among the parties, and the forum defendant rule has no application. Accordingly, the court may properly exercise subject matter jurisdiction over this action pursuant to the diversity jurisdiction, 28 U.S.C. § 1332(a).

## CONCLUSION AND ORDER

For the foregoing reasons, the court denies defendants' motion for remand. (Dkt. 18.) Defendants shall answer the complaint by December 1, 2025. An in-person status and scheduling conference are set for December 17, 2025 at 9:30 a.m. in courtroom 2201.

Date: November 13, 2025

U.S. District Judge Joan H. Lefkow

---

4685470, at *3–4 (N.D. Ill. Sept. 28, 2018), *aff'd sub nom. Urb. One, Inc.* v. *Direct Media Power, Inc.*, 813 F. App'x 227 (7th Cir. 2020).